UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 06-cr-40063-JPG |
| MERVYN BUTLER, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on defendant's request for discovery and inspection (Doc. 54). Particularly, the defendant requests that the government be ordered to disclose essentially all information that it is required to under Federal Rule of Criminal Procedure 16 (*e.g.*, all evidence favorable to the defendant, certain impeaching information, etc.).

Under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), the prosecution has the duty to ensure that criminal trials are fair by disclosing evidence that is favorable to the defendants or that impeaches a government witness. There is no doubt that a defendant is entitled to disclosure of all evidence that "would tend to exculpate" him and all evidence that casts doubt on the credibility of prosecution witnesses and is material to the outcome of the trial. *Brady*, 373 U.S. at 88; *see United States v. Bagley*, 473 U.S. 667, 676 (1985); *Giglio*, 405 U.S. at 155; *Rodriguez v. Peters*, 63 F.3d 546, 555 n.10 (7th Cir. 1995). Evidence is material to the outcome of the trial if "its suppression undermines confidence in the outcome of the trial," *Bagley*, 473 U.S. at 678, because there is a "reasonable probability" that disclosure would bring about a different result at trial, *Kyles v. Whitley*, 115 S. Ct. 1555, 1556 (1995); *United States v. Gonzalez*, 93 F.3d 311, 316 (7th Cir. 1996). Any such material or

portions of material simply must be disclosed. The prosecution is under the obligation to comply with these obligations or risk the integrity of these proceedings.

This Court notes that the government generally maintains an "open file" policy, making the need for an order compelling disclosure unnecessary. The defendant has not alleged that the government has refused to provide the requested material, and the Court is confident that the government is aware of its obligations under *Brady* and *Giglio*. Therefore, the defendant's Motion for Discovery and Inspection is **DENIED**. (Doc. 54).

The government is reminded that any doubt as to whether disclosure is required should be resolved in favor of disclosure. The defendant may renew his motion if the government refuses to provide the requested material.

**IT IS SO ORDERED.**
**DATE: April 16, 2007.**

                                    **s/ J. Phil Gilbert**
                                    **J. PHIL GILBERT**
                                    **U.S. District Judge**